(80 South. 880)

### CENTRAL OF GEORGIA RY. CO. v. WILLIAMS. (4 Div. 804.)

(Supreme Court of Alabama.    Jan. 16, 1919.)

1. RAILROADS ⬤⟹441(4)—CATTLE KILLED ON TRACK—EVIDENCE.

In action for negligent killing of cattle on track, such killing cannot be inferred from mere fact that dead animal is found within 50 or 75 feet of railroad track without any signs of physical violence which could have caused its death.

2. APPEAL AND ERROR ⬤⟹1064(1)—PREJUDICIAL ERROR—INSTRUCTIONS.

An abstractly erroneous instruction in action for cattle killed on track that it was duty of engineer to keep constant lookout for animals on or dangerously near track was not rendered harmless from fact that from engineer's evidence it appeared that he was in fact keeping a constant lookout, as jury may have disbelieved his evidence.

3. RAILROADS ⬤⟹446(2)—CATTLE KILLED ON TRACK—NEGLIGENCE—QUESTION FOR JURY.

In action for damages for cattle alleged to have been negligently killed on defendant's railroad track, whether defendant killed stock and was negligent *held* for jury.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by Mrs. M. M. Williams against the Central of Georgia Railway Company for damages for the death of certain cows. Judgment for plaintiff, and defendant appealed. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

See, also, 200 Ala. 73, 75 South. 401.

The complaint alleged the killing of a yearling and two cows by reason of the negligence of the defendant in the operation of its train of cars. Plaintiff's witnesses testified that they found the yearling dead on January 13th, lying about 54 feet from the railroad track,

---

with hips crushed in and some of its bones broken. Witnesses for the defendant testified that they found the same yearling dead on December 31st previous, lying 75 feet from the track, with its hips then intact and with no marks of violence or indications of licks upon it. They further stated that there were no tracks or signs leading from the track to the carcass, and no signs of dragging or rubbing, nor of hair or blood along the track in that vicinity.

The following charges were requested by and refused to the defendant:

(6) If you believe from the evidence that at the time when the yearling was first seen dead it showed no marks of violence sufficient to have caused its death, your verdict, in so far as the yearling is concerned, should be for the defendant.

(7) If you believe from the evidence that at the time when the yearling was first seen dead it was 70 or more feet from the railroad track, and that at that time none of its bones were broken, your verdict should be for the defendant in so far as the yearling is concerned.

With respect to the cows witnesses for plaintiff testified that they were found dead about 8 feet from the track down an embankment, one on each side. The evidence for the defendant tends to show that the engineer on the engine that killed the cows kept a constant lookout straight ahead from the time he left Linwood, about half a mile away, until the cows were struck; that the cow on the south side ran suddenly across the track, and the engineer first saw her about 30 feet ahead of the engine; that he was sitting on the right of his cab, and could not see the first 30 feet of the left rail just in front of the engine; that he applied the brakes at once and did everything possible to avoid striking the cow; and that he did not see the other cow at all. In the oral charge to the jury the court said, "It is the duty of the engineer at all times to keep a constant lookout ahead." To this part of the charge the defendant excepted.

Plaintiff's evidence placed the value of the yearling at $15 and of the cows at $50 each, while evidence for the defendant placed the value of the yearling at $10 and of the cows at from $25 to $35 each. The jury's verdict was for $85 damage.

W. E. Griffin, of Troy, for appellant.
John H. Wilkerson, of Troy, for appellee.

SOMERVILLE, J. [1] In order to recover for the negligent killing of plaintiff's yearling, it was, of course, necessary for plaintiff to

202 ALA.—32

show that it was in fact killed by defendant's train. Such a killing might be inferred from the posture and condition of the carcass, and from other physical signs. But from the mere fact that a dead animal is found within 50 or 75 feet of a railroad track, without any signs of physical violence that could have caused its death, no legitimate inference can be drawn of a killing by a locomotive or cars.

We think that charge 6 should have been given for defendant, and that its refusal was prejudicial error.

[2] It is conceded by appellee that the oral instruction to the jury as to the duty of the engineer to keep a constant lookout for animals on or dangerously near the track was abstractly erroneous. N. C. & St. L. Ry. Co. v. Bingham, 182 Ala. 640, 62 South. 111.

As pointed out in that case, he may be sometimes engaged in the performance of other lawful duties in the car and operation of his engine. In the instant case, however, it affirmatively appears from defendant's evidence that the fireman was looking after the requirements of the locomotive between Linwood and the place of the killing of the two cows, and that during that time the engineer was in fact keeping a constant lookout from his post on the right side of the engine. Hence appellee contends that the instruction could not have been prejudicial to appellant, since the testimony shows that the duty specified was in fact fully discharged by the engineer.

The argument is plausible, but nevertheless unsound. The jury may have disbelieved defendant's evidence in this regard, and, disbelieving it, have therefore found that defendant was, under this instruction, guilty of actionable negligence. On the other hand, if they had believed it, they could not have found otherwise than for defendant, since the testimony—unquestionably that of the engineer himself—completely exculpated defendant from all fault in striking and killing the cows.

We cannot venture to say that the erroneous instruction was harmless; for, in view of the alternative stated and the verdict actually found, it was probably prejudicial.

[3] There was no error in refusing the general affirmative charge for defendant as to either of the counts, since the evidence permitted reasonable inferences in favor of plaintiff.

For the errors noted, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

All the Justices concur.