(85 South. 379)

## MILLER-BRENT LUMBER CO. v. THOMPSON. (4 Div. 868.)

(Supreme Court of Alabama. April 22, 1920.)

Railroads ⊚⟶441(1) — Owner has burden of proving that defendant's train killed cows.

In action for death of plaintiff's cows by defendant's train, the burden was on plaintiff to reasonably satisfy the jury· that the defendant's train killed the cows.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Suit by N. A. Thompson against the Miller-Brent Lumber Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Suit by appellee against appellant to recover damages for the death of certain cows alleged to have been negligently killed by the appellant's train. From the judgment in favor of the plaintiff (appellee), this appeal is prosecuted.

E. O. Baldwin, of Andalusia. for·appellant.

The burden was on plaintiff to reasonably satisfy the jury that one of defendant's trains killed the cow, and under the evidence in this case the defendant should have had the affirmative charge. 80 South. 880; 197 Ala. 454, 73 South. 14.

A. R. Powell, of Andalusia, for appellee.

Counsel discusses assignments of error, but without citation of authority.

GARDNER, J. The burden was of course upon the plaintiff to reasonably satisfy the jury that one of the defendant's trains killed the cows, and to this effect they were clearly charged by the trial judge.

Counsel for appellant strenuously insists that the evidence to this effect was insufficient, and asked the affirmative charge upon ·this theory. Counsel also urges that the evidence was particularly insufficient as to one of the cows, designated as the "old cow," which was found some 60 steps from the track, and a separate affirmative charge was ·asked as to this particular cow. In support of this insistence we are cited to the recent case of Central of Ga. R. Co. v. Williams, 202 Ala. 496, 80 South. 880. The facts of the two cases are different, and the Williams Case cannot be looked to as a guide here.

A discussion of the testimony will serve no useful purpose. Suffice it to say that we have examined the evidence and its tendencies· with much care in consultation and have reached the conclusion that it was sufficient for submission to the jury upon this issue, and that these two charges were properly refused.

Charge 2 requested by the defendant was also properly refused, and needs no discussion. The rule here governing in reference to reviewing the action of the trial court in refusing to grant a new trial is well understood and need not be here repeated. In the light of this rule we are unwilling to disturb the ruling of the court below.

One or two questions of evidence are assigned as error. These questions have been given careful consideration, but we do not consider that they are of sufficient importance to require separate treatment here and are given but scant attention in brief. They clearly disclose no reversible error.

Finding no reversible error in the record, the judgment will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.